UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV _____

**COMPLAINT**

Plaintiffs,

-against-

EASTLAND CONSTRUCTION, INC.,

Defendant.
------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Eastland Construction, Inc. ("Employer").

## JURISDICTION

2. This Court has jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 110 East End

Avenue, Apt. 2C, New York, NY 10028.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## **FIRST CLAIM FOR RELIEF**

9. Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective June 9, 2004. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated January 7, 2008 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of October 19, 2004 through January 7, 2008 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15. The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period October 19, 2004 through January 7, 2008.

3. For entry of judgment in favor of the Benefit Funds and against Eastland Construction, Inc. ordering defendant to pay the Benefit Funds a total sum of $2,350.00 with interest to accrue at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
February 27, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAKER**  
IMPARTIAL ARBITRATOR

Modified  
OPINION AND  
DEFAULT AWARD  
OF ARBITRATOR

**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

**Petitioners,** -

against-

Eastland Construction Inc.,
**Respondent.**

**APPEARANCES:**

For The Respondent / Employer:  Aaron Mitchell, Esq............. Attorney

For the Petitioners / Funds:
Steven Kasarda ......... Attorney
Tomasina Caba ........ Legal Assistant
Catherine O'Doherty ... Legal Assistant
Susan Cummo........... Outside Auditor
Omar Giordani.......... Outside Auditor
Carol Guy ................ Outside Auditor
Luke Powers ..............Audit Manager

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 6/9/04, and the designation of the

1

undersigned as Impartial Arbitrator to determine disputes concerning any claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners that the Funds are unable to ascertain the amount of contributions due it as the Respondent has not allowed an audit of its books as required by the collective bargaining agreement.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 10/23/07, the undersigned by Notice of Hearing dated 8/30/07, scheduled a hearing for 11/28/07, in order to determine the dispute between the parties.

**BACKGROUND**

Counsel for the Respondent argued in opposition to the Funds performing an audit of its client's books and records. Essentially counsel for the Respondent maintains its client has not performed any covered work within the NYC District Council of Carpenters jurisdiction during the audit period in question. And hence it is not obligated to allow an audit of its books and records.

Conversely the Funds' counsel argues that the express terms of the controlling CBA requires that this Respondent Employer permit an audit of its books and records by the Benefit Funds.

Moreover, ERISA requires fiduciaries of a Benefit Fund the responsibility to collect contributions due the Funds. As a result of this responsibility the Trustees of the NYC District Council of Carpenters Benefit Funds have implemented a policy for determining whether

2

appropriate contributions have been made by an employer that includes audits of a signatory's books and records so as to systematically determine and collect delinquent contributions.

Fund counsel contends the Respondent's counsel's oral representation that as it claims that no work was performed within the carpenter's jurisdiction there need not be an audit is woefully inadequate to meet the express terms of Article 16 of the CBA and ERISA requirements regarding determining whether appropriate Fund contributions have been made.

The Funds' counsel requests that the Arbitrator order the Respondent to produce its books and records so that an audit can be performed for the audit period in question, and also order the Respondent to pay the Funds costs of bringing forth this arbitration to assure compliance with the express language of Article 16 of the CBA.

## OPINION

The Arbitrator holds that the Respondent's oral representation that no covered work was performed within the carpenter's jurisdiction during the audit period in question is a baseless argument to avoid the necessity of a Fund audit.

The Arbitrator finds that the express terms of the parties labor agreement require an employer to "furnish proper records when requested, for the purpose of completing an audit." The Arbitrator also acknowledges that ERISA also requires Fund trustees to perform audits of signatory's books and records to determine accurately whether the respondent employer has provided all necessary fringe benefit contributions. And finally the New York City District Council of Carpenters Fringe Benefit Trustees have set forth in their collection policy a

requirement that "payroll reviews" be performed to ensure its ERISA obligations are made in that all participating employers make all required contributions to the Funds.

Accordingly the Arbitrator awards in favor of the Funds by directly this Respondent Employer to produce any and all books and records requested by the Benefit Funds office and as set forth in this award, and orders this Respondent Employer to pay the reasonable costs incurred by the Funds in bringing forth this arbitration.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find that the Respondent-Employer, Eastland Construction Inc., failed to comply with Article 16 of the Collective Bargaining Agreement as it relates to allowing an audit of its books and records, and orders this Respondent-Employer to forthwith produce any and all books and records specifically, cash disbursement section of the cash book, general ledger, job location records, invoices and time sheets, daily time records, quarterly and annual Federal and State payroll tax returns Forms 940, 941, WT4A, WT4B, NYS-45, NYS-45-ATT, weekly payroll records, W-2, W-3, 1099, and 1096 forms, monthly bank statements and canceled checks, Fund remittance reports, and all certified payrolls for the audit period 10/19/04 to date to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

Pursuant to the Collective Bargaining Agreement the Arbitrator also orders this Respondent-Employer to pay forthwith to the Funds a sum total of $2,350.00 representing the Funds costs incurred in this matter which are as follows:

4

|   |   |
|---|---|
| Attorney Fees............... | $ 1,500.00 |
| Arbitrator's Fee.............. | $   500.00 |
| Court Costs................... | $   350.00 |
| **TOTAL** | **$ 2,350.00** |

Dated: Brooklyn, New York
       January 7, 2008

*[signature]*
Roger E. Maher, Arbitrator

To:   Steven Kasarda, Esq.
      New York City District Council of Carpenters Benefit Funds
      395 Hudson Street
      New York, NY 10014

      Ms. Tomasina Caba
      New York City District Council of Carpenters Benefit Funds
      395 Hudson Street
      New York, NY 10014

      Aaron Mitchell, Esq.
      Neil B. Connelly
      99 Church Street
      White Plains, NY 10601-1505

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS  )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

*[signature]*
Roger E. Maher, Arbitrator

5